1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD WAYNE RICKETTS,

11              Petitioner,              No. CIV S-11-3160 DAD P

12        vs.

13   MIKE BABCOCK, Warden,

14              Respondent.             ORDER

15   _____/

16        Petitioner, a federal prisoner proceeding pro se, has filed a petition for writ of

17   habeas corpus pursuant to 28 U.S.C. § 2241, together with an application to proceed in forma

18   pauperis.

19        Examination of the in forma pauperis application reveals that petitioner is unable

20   to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

21   granted.  See 28 U.S.C. § 1915(a).

22                         **BACKGROUND**

23        Petitioner commenced this action by filing a petition for writ of habeas corpus

24   pursuant to 28 U.S.C. § 2241.  Therein, he alleges that he was tried and convicted in the United

25   States District Court for the Northern District of Georgia in 1989 for conspiracy to manufacture

26   /////

1

1  methamphetamine.  On February 4, 1990, that court denied his motion to vacate his sentence

2  pursuant to 28 U.S.C. § 2255.  (Pet. at 2.)

3          In his petition before this court, petitioner asserts the following two claims: (1) the

4  government exceeded its authority when it indicted him for conspiracy; and (2) his alleged

5  criminal conduct took place before the new conspiracy law took effect and therefore he should

6  have been charged under the old conspiracy statute.  (Pet. Attach. at 1-4.)

7                                          **ANALYSIS**

8  I.  The Court Lacks Jurisdiction

9          "[I]n order to determine whether jurisdiction is proper, a court must first

10 determine whether a habeas petition is filed pursuant to § 2241 or § 2225 before proceeding to

11 any other issue."  See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  Here, although

12 petitioner filed the instant petition on a § 2241 habeas form, he is attempting to challenge the

13 legality of his conviction, not the manner, location, or conditions of the execution of his

14 sentence.  Generally, a federal prisoner contesting the legality of his conviction or sentence must

15 file a motion pursuant to 28 U.S.C. § 2255 in his sentencing court, which in this case would be

16 the United States District Court for the Northern District of Georgia.  Ivy v. Pontesso, 328 F.3d

17 1057, 1059 (9th Cir. 2003) ("In general, § 2255 provides the exclusive procedural mechanism by

18 which a federal prisoner may test the legality of detention."); Lorentsen v. Hood, 223 F.3d 950,

19 954 (9th Cir. 2000) (same).

20         However, § 2255 contains an "escape hatch" or "savings clause" that provides:

21             An application for a writ of habeas corpus in behalf of a prisoner
               who is authorized to apply for relief by motion pursuant to this
22             section, shall not be entertained if it appears that the applicant has
               failed to apply for relief, by motion, to the court which sentenced
23             him, or that such court has denied him relief, unless it also appears
               that the remedy by motion is inadequate or ineffective to test the
24             legality of his detention.  (emphasis added)

25 28 U.S.C. § 2255(e).

26 /////

A prisoner may invoke a court's jurisdiction under § 2241 if he can show that the remedy provided under § 2255 is "inadequate or ineffective" to test his incarceration.  See Alaimalo v. U.S., 645 F.3d 1042, 1047 (9th Cir. 2011).  This exception, however, is a narrow one.  For example, § 2241 is not available to a petitioner simply because a court of appeals refuses to certify a second or successive petition under the provisions of § 2255.  See Ivy, 328 F.3d at 1059.  A petitioner may only proceed under § 2241 if he claims to be: "(1) factually innocent of the crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim."  Id. at 1060.

In this case, petitioner has failed to demonstrate that the remedy provided under § 2255 is "inadequate or ineffective" in his case.  Even if this court liberally construes the pending petition as stating a claim for actual innocence, petitioner does not claim that he was denied a reasonable opportunity to present such a claim to the sentencing court.  In determining whether petitioner had an "unobstructed procedural shot" to pursue an actual innocence claim, this court must consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed in any way relevant to petitioner's claims after that first § 2255 motion."  Alaimalo, 645 F.3d at 1047 (quoting Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008)) (internal quotation marks omitted).

Here, petitioner does not argue that there has been any material change in the applicable law in his case.  Moreover, as the Ninth Circuit has explained, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255.  He must never have had the opportunity to raise it by motion."  Ivy, 328 F.3d at 1060.  Petitioner acknowledges that he filed a § 2255 motion in the United States District Court for the Northern District of Georgia where he was sentenced, which that court denied.  Thus, petitioner has had an unobstructed opportunity to raise his claims in the sentencing court.  Accordingly, this court concludes that because petitioner has failed to show that § 2255 provides an "inadequate or

1  ineffective" remedy, he is not entitled to invoke this court's jurisdiction under 28 U.S.C. § 2241.

2  II.  The Petition Will Be Dismissed

3           As noted above, the United States District Court for the Northern District of

4  Georgia, as the sentencing court, has jurisdiction to hear petitioner's § 2255 motion.  However,

5  the interests of justice would not be served by transferring this action to that court under the

6  circumstances presented.  See 28 U.S.C. § 1631; see also Hernandez, 204 F.3d at 865, n.6 (28

7  U.S.C. § 1631 allows transfer of § 2255 motion to cure want of jurisdiction).  Specifically, even

8  if petitioner had filed the instant motion as a § 2255 motion in the United States District Court

9  for the Northern District of Georgia, that court would lack jurisdiction over the motion as well

10  because petitioner must first obtain authorization from the Eleventh Circuit to file a "second or

11  successive" § 2255 motion.  See 28 U.S.C. § 2255(h).  In his petition, petitioner acknowledges

12  that the Eleventh Circuit has already denied his request for permission to file a successive § 2255

13  motion.  (Pet. at 4.)

14           In addition, the court notes that the instant § 2255 motion appears to be time-

15  barred in any event.  See Taylor v. Social Security Administration, 842 F.2d 232, 233 (9th Cir.

16  1988) (in determining whether "to transfer an action pursuant to section 1631, the district court

17  must consider whether the action would have been timely if it had been filed in the proper forum

18  on the date filed").  A § 2255 motion must be filed within one year of the final judgment of

19  conviction.  See 28 U.S.C. § 2255(f).  Here, petitioner's judgment of conviction was entered in

20  1989.  Petitioner did not file the instant petition until 2011.  Petitioner does not indicate any

21  grounds for a delayed commencement of the statute of limitations or any basis for the tolling of

22  the applicable statute of limitations.  Therefore, it appears that the instant motion was filed well

23  after the statute of limitations expired.

24  /////

25  /////

26  /////

1   For all of the foregoing reasons, the court concludes that petitioner's § 2241

2   petition, construed as a § 2255 motion, must be dismissed.[1]

3   **OTHER MATTERS**

4   Rule 11 of the Federal Rules Governing Section 2255 Cases states that "the

5   district court must issue or deny a certificate of appealability when it enters a final order adverse

6   to the applicant."  A certificate of appealability should be granted for any issue that petitioner can

7   demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different

8   court, or is "'adequate to deserve encouragement to proceed further.'"  Jennings v. Woodford,

9   290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).  For

10  the reasons set forth above, the court declines to issue a certificate of appealability in this action.

11  **CONCLUSION**

12  Accordingly, IT IS HEREBY ORDERED that:

13  1.  Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is granted;

14  2.  Petitioner's application for writ of habeas corpus (Doc. No. 1) is dismissed;

15  3.  A certificate of appealabilty is not issued in this action;

16  4.  The Clerk of the Court is directed to serve a courtesy copy of this order on

17  United States Attorney Samantha Sue Spangler; and

18  5.  This action is closed.

19  DATED: March 7, 2012.

20

21

22  DAD:9
    rick3160.156

23

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

24

25

26  [1]  Petitioner previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See Doc. No. 4.)

5